**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Marty RAMIREZ, Defendant–**
**Appellant.**

No. 04–41230.

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided June 20, 2005.

James Lee Turner, Julia Bowen Stern, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM: *

Marty Ramirez appeals following his guilty plea to the offense of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Ramirez argues that the district court misapplied the sentencing guidelines when determining his offense level based on his prior convictions. He contends that his previous Texas conviction for burglary of a habitation is not a crime of violence for purposes of U.S.S.G. §§ 2K2.1(a)(2) and 4B1.2(a). Because Ramirez did not object to the district court's application of the guidelines, review is for plain error. *See United States v. Grarcia–Cantu,* 302 F.3d 308, 310 (5th Cir.2002). The district court did not plainly err by concluding that Ramirez's prior conviction was a crime of violence. *See United States v. Hornsby,* 88 F.3d 336, 339 (5th Cir. 1996); *United States v. Cruz,* 882 F.2d 922, 923 (5th Cir.1989).

Ramirez next contends that his sentence is invalid in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court sentenced him under a mandatory application of the sentencing guidelines. Because Ramirez did not raise this issue in the district court, we review it only for plain error. *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th Cir.2005). To prevail under a plain error analysis, Ramirez must show, among other things, that the error prejudiced him by adversely

---

affecting his substantial rights. *Id.* at 733–734. The record does not suggest that Ramirez's sentence would have been any less had the court applied the sentencing guidelines as advisory rather than mandatory. *See id.* at 734. Ramirez thus fails to establish prejudice to his substantial rights. *See id.*

Ramirez further argues that 18 U.S.C. § 922(g)(1) is not narrowly tailored in light of the interplay of the Second Amendment and the regulation of interstate commerce under the Commerce Clause, is overly broad, and unevenly burdens a fundamental right in violation of equal protection. He acknowledges that his arguments are foreclosed by this court's decision in *United States v. Darrington*, 351 F.3d 632 (5th Cir.2003), *cert. denied*, 541 U.S. 1080, 124 S.Ct. 2429, 158 L.Ed.2d 994 (2004), but has raised the issue to preserve it for possible review by the Supreme Court.

Finally, Ramirez argues that 18 U.S.C. § 922(g)(1) is an unconstitutional exercise of Congress's Commerce Clause power because the regulated activity does not substantially affect interstate commerce. He argues that the factual basis for his plea was insufficient because the evidence established only that the firearm had traveled across state lines at some point in the past. Ramirez raises these arguments solely to preserve them for possible Supreme Court review. As he acknowledges, they are foreclosed by existing Fifth Circuit precedent. *See United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.